UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAY BARRINER,

    Plaintiff,

v.                                           Case No. 8:11-cv-1457-T-23AEP

EDWIN BUSS, Secretary, Dep't of Corr.,

    Defendant.
_____/

**O R D E R**

Barringer is in the custody of the Florida Department of Corrections ("DOC") pursuant to a criminal judgment from Pasco County. Barringer's complaint alleges that the defendant, the Secretary of the DOC, violated Barringer's rights by accepting an amended judgment. Barringer alleges that the amended judgment violates his protection against double jeopardy. Although entitled to a lenient construction, Haines v. Kerner, 404 U.S. 519 (1972) (per curiam), the complaint lacks merit.

The Prisoner Litigation Reform Act requires dismissal of an in forma pauperis prisoner's action "if the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e).

The complaint is subject to sua sponte dismissal before service on the defendant because the complaint challenges the validity of Barringer's confinement. When a state prisoner challenges the fact or duration of his confinement, a writ of habeas corpus is

his exclusive federal remedy. Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). This long-standing principle was affirmed in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck requires dismissal of a civil rights complaint if a ruling in the plaintiff's favor questions the validity of the confinement. Barringer has no civil claim until he prevails on habeas corpus. "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. at 489-90.

Consequently, Barringer fails to state a claim for relief because the complaint fails to allege that the conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Heck v. Humphrey, 512 U.S. at 487. This dismissal is without prejudice to Barringer's re-filing a Section 1983 complaint after the conviction is invalidated.

Accordingly, this case is **DISMISSED** without prejudice because the complaint is premature as a matter of law. The clerk shall close this case and send to Barringer a form for filing a Section 2254 petition for the writ of habeas corpus.

ORDERED in Tampa, Florida, on July 12, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE